# No. 24-8017

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

MONICA RICHARDS, individually and on behalf of all other similarly situated individuals,

*Plaintiff-Respondent*,

v.

ELI LILLY & COMPANY; LILLY USA, LLC,

*Defendants-Petitioners.*

**On Appeal from the United States District Court for the Southern District of Indiana, Case. No. 1:23-cv-242-TWP**

**PLAINTIFF-RESPONDENT'S OPPOSITION TO DEFENDANTS-PETITIONERS' PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Harold Lichten (*Counsel of Record*)
Thomas Fowler
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Ste. 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
tfowler@llrlaw.com

Jeffrey A. Macey
MACEY SWANSON LLP
429 N. Pennsylvania St., Suite 204
Indianapolis, IN 46204
(317) 637-2345
jmacey@MaceyLaw.com

*Counsel for Plaintiff-Respondent*

## CIRCUIT RULE 26.1 STATEMENT

Respondent Monica Richards is a natural person and therefore has no parent corporation and no stock held by any publicly-held company or investment fund.

Lichten & Liss-Riordan, P.C. and Macey Law have appeared for Respondent in the District Court action.

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................1

ARGUMENT.........................................................................................3

    I.    Section 1292(b) Only Permits Interlocutory Appeals in
        "Exceptional Circumstances" ...........................................3

    II.   This Case Does Not Present Substantial Grounds for a
        Difference of Opinion ......................................................5

    III.  The District Court's Order Does Not Present a Pure
        Question of Law................................................................15

    IV.  The Question Presented for Interlocutory Review is
        Not "Controlling" for the Purposes of 28 U.S.C. §
        1292(b) ...............................................................................17

    V.   Interlocutory Appeal Would Not Materially Advance
        the Ultimate Termination of the Litigation ..................19

    VI.  Plaintiff Presented Far More Evidence of a Pattern of
        Age Discrimination Than In a Typical Conditional
        Certification Motion, Thus Making this Case
        Inappropriate for Interlocutory Review .......................21

CONCLUSION ....................................................................................24

CERTIFICATE OF COMPLIANCE ...................................................26

CERTIFICATE OF SERVICE ............................................................27

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Alvarez v. City of Chicago*,
  605 F.3d 445 (7th Cir. 2010) ............................................................................8

*Babbitt v. Target Corp.*,
  2023 WL 2540450 (D. Minn. Mar. 16, 2023) ................................................21

*Bigger v. Facebook, Inc.*,
  947 F.3d 1043 (7th Cir. 2020) ................................................... 3, 12, 15

*Boese v. Paramount Pictures Corp.*,
  952 F. Supp. 550 (N.D. Ill. 1996) ........................................................6

*Brant v. Schneider Nat'l Inc.*,
  2023 WL 4042016 (E.D. Wis. May 4, 2023) ....................................................11

*Brant v. Schneider Nat'l, Inc.*,
  2024 WL 218416 (E.D. Wis. Jan. 19, 2024) ............................................. 13, 21

*Calloway v. AT&T Services, Inc.*,
  2024 WL 1328823 (N.D. Ill. Mar. 28, 2024) ............................................. 12, 15

*Clark v. A&L Homecare & Training Ctr., LLC*,
  68 F.4th 1003 (6th Cir. 2023) ................................................................. passim

*Clugston v. Shamrock Cartage and Spotting Services*,
  2014 WL 5502455 (S.D. Ind. Oct. 30, 2014) ....................................................14

*Conticommodity Servs., Inc. v. Ragan*,
  826 F.2d 600 (7th Cir. 1987) ................................................................4

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ................................................................4

*Craig v. Rite Aid Corp.*,
    2010 WL 1994888 (M.D. Pa. Feb. 4, 2010) ......................................................17

*Dawkins v. NR 1 Transport, Inc.*,
    2021 WL 412086 (N.D. Ill. Sept. 8, 2021) ......................................................11

*Duan v. MX Pan Inc.*,
    2023 WL 5955911 (S.D. Ind. Aug. 21, 2023) ......................................... 6, 7, 13

*EEOC v. Lilly USA, LLC*,
    Civ. Act. No. 22-01882 (S.D. Ind.) ............................................................. 2, 22

Ellerd v. Cnty. of L.A.,
    2009 WL 3462179 (C.D. Cal. Oct. 22, 2009) ..................................................19

*Espenscheid v. DirectSat USA, LLC*,
    705 F.3d 770 (7th Cir. 2013) .............................................................................14

*Evans v. Dart*,
    2023 WL 6049935 (N.D. Ill. Sept. 15, 2023) ..................................................13

*Fillipo v. Anthem Cos.*,
    2022 WL 18024818 (S.D. Ind. Dec. 30, 2022) ......................................... 14, 15

*Fisons, Ltd. v. United States*,
    458 F.2d 1241 (7th Cir. 1972) .............................................................................4

*Fitzgerald v. Forest River Manufacturing LLC*,
    2022 WL 558336 (N.D. Ind. Feb. 23) ............................................................15

*Girolamo v. Community Physical Therapy & Associates, Ltd.*,
    2016 WL 3693426 (N.D. Ill. July 12, 2016) ....................................................14

*Hawkins v. Alorica, Inc.*,
    287 F.R.D. 431 (S.D. Ind. 2012) ......................................................................14

*Hundt v. DirectSat USA, LLC,*
    2010 WL 2079585 (N.D. Ill. May 24, 2010) .....................................................14

*In re New Albertsons, Inc.,*
    2021 WL 4028428 (7th Cir. Sept. 1, 2021) ............................................ passim

*Janusz v. City of Chicago,*
    2013 WL 12331279 (N.D. Ill. June 21, 2013) .....................................................4

*Jirek v. AstraZeneca Pharmaceuticals LP,*
    2024 WL 2207634 (N.D. Ill. May 14, 2024) .....................................................12

*Kincheloe v. Am. Airlines, Inc.,*
    2021 WL 2322322 (N.D. Cal. June 7, 2021) .....................................................22

*Kruger v. Arrow Container, LLC,*
    2019 WL 6468334 (S.D. Ind. Dec. 2, 2019) .....................................................22

LaFleur v. Dollar Tree Stores, Inc.,
    2013 WL 150722 (E.D. Va. Jan. 11, 2013) .......................................................19

*Latipov v. AN Enterprise, Inc.,*
    2024 WL 4744166 (N.D. Ill. Feb. 7, 2024).......................................................13

Lillehagen v. Alorica, Inc.,
    2014 WL 2009031 (C.D. Cal. May 15, 2014) ..................................................17

Long v. CPI Sec. Sys., Inc.,
    2013 WL 3761078 (W.D.N.C. July 16, 2013)..................................................18

*McColley v. Casey's Gen. Stores, Inc.,*
    559 F. Supp. 3d 771, 2021 WL 1207564 (N.D. Ind. 2021) .................... 11, 15

*Miller v. St. Clair County,*
    2024 WL 2133799 (S.D. Ill. May 13, 2024) .....................................................12

*Newsome v. Wisconsin Cent. Ltd.*,
2015 WL 6872360 (E.D. Wis. Nov. 9, 2015) .................................................5

*O'Neil v. Bloomin' Brands Inc.*,
2023 WL 8802826 (N.D. Ill. Dec. 19, 2023) ........................................... 11, 13

*Oshikoya v. Leidos Health, LLC*,
2017 WL 6154428 (S.D. Ind. Dec. 8, 2017) ...................................................14

*Peck v. Mercy Health*,
2023 WL 1795421 (E.D. Mo. Feb. 7, 2023) ....................................... 13, 16, 18

Pereira v. Foot Locker, Inc.,
2010 WL 300027 (E.D. Pa. Jan. 25, 2010)....................................................18

*Piazza v. New Albertsons, Inc.*,
2021 WL 3645526 (N.D. Ill. Aug. 16, 2021) ............................... 10, 13, 16, 17

*Prater v. Alliance Coal, LLC*,
2022 WL 22278935 (S.D. Ind. Mar. 16, 2022) ...............................................10

*Prater v. Alliance Coal, LLC*,
2022 WL 22285581 (S.D. Ind. Mar. 22, 2022) ...............................................14

*Resnick v. American Dental Ass'n*,
95 F.R.D. 372 (N.D. Ill. 1982)...........................................................................4

*Rochlin v. Cincinnati Ins. Co.*,
2003 WL 21852341 (S.D. Ind. July 8, 2003)...................................................14

*Rottman v. Old Second Bancorp, Inc.*,
735 F. Supp. 2d 988 (N.D. Ill. 2010).................................................................14

*Shumate v. Genesco, Inc.*,
2018 WL 259942 (S.D. Ind. Jan. 2, 2018) .......................................................14

*Slaughter v. Caidan Mgt. Co., LLC,*
    317 F. Supp. 3d 981 (N.D. Ill. 2018).................................................14

*Solsol v. Scrub, Inc.,*
    2015 WL 1943888 (N.D. Ill. Apr. 27, 2015)....................................14

*Swales v. KLLM Transp. Servs., LLC,*
    985 F.3d 430 (5th Cir. 2021).................................................passim

*Thompson v. K.R. Denth Trucking, Inc.,*
    2011 WL 4760393 (S.D. Ind. Oct. 7, 2011)......................................21

*Travelers Indemnity Co. v. Johnson,*
    2020 WL 1934179 (N.D. Ind. Apr. 22, 2020) ....................................4

*Van Note v. International Flavors & Fragrances, Inc.,*
    2024 WL 1994314 (C.D. Ill. May 2, 2024).......................................12

Villarreal v. Caremark LLC,
    85 F. Supp. 3d 1063 (D. Ariz. 2015)..............................................18

Watson v. Jimmy John's, LLC,
    2015 WL 8521293 (N.D. Ill. Nov. 30, 2015) ...................................17

*Whitaker v. Kenosha Unified School,*
    2016 WL 5376330 (E.D. Wis. Sept. 25, 2016) ...................................5

*Williams v. Matteson Sports Bar,*
    2024 WL 1195722 (N.D. Ill. Mar. 20, 2024)............................ 13, 14

*Williams v. TopHat Logistical Solutions, LLC,*
    --- F. Supp. 3d ---, 2023 WL 8190366 (N.D. Ill. Nov. 27, 2023) ..................13

**Statutes**

28 U.S.C. § 1292(b)......................................................passim

29 U.S.C. § 626(b)..............................................................................................1

Age Discrimination in Employment Act ("ADEA"),
    29 U.S.C. §§ 621, *et seq*.................................................................................1

Fair Labor Standards Act ("FLSA"),
    29 U.S.C. §§ 201, *et seq*.......................................................................passim

## <u>INTRODUCTION</u>

This case is a collective action brought by Plaintiff-Respondent Monica Richards ("Plaintiff"), alleging that Defendants-Petitioners Eli Lilly & Company and Lilly USA, LLC (collectively "Eli Lilly" or "Defendant") have engaged in age discrimination by systematically denying promotions to qualified employees who are older than 40, including Plaintiff, while disproportionately promoting younger employees, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq. See generally* Complaint, D. Ct. Dkt. 1.

On March 25, 2024, the District Court issued a well-reasoned 19-page Order granting Plaintiff's Motion for Conditional Certification (D. Ct. Dkt. 82).[1] Eli Lilly then filed a petition for interlocutory appeal under 28 U.S.C. § 1292(b). The District Court, while it believed its decision was correct, granted the petition because of the existence of the decisions by the Fifth

---

[1]     Under the ADEA (like the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*), employees who wish to participate in a collective action challenging age discrimination may do so by affirmatively "opting in" to join the lawsuit. *See* 29 U.S.C. § 626(b).

Circuit in *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 433 (5th Cir. 2021), and the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1008 (6th Cir. 2023), which depart from the "two-step" conditional certification standard that has been used by district courts in this Circuit for decades without complaint from this Court.

This Court should deny the Petition should be denied for two compelling reasons. First, Eli Lilly has completely failed to demonstrate that interlocutory appeal is warranted here, as this Court and nearly a dozen district courts in this Circuit alone have ***already rejected*** *Swales* and *Clark. See In re New Albertsons, Inc.*, 2021 WL 4028428, at *1-2 (7th Cir. Sept. 1, 2021); district court decisions cited *infra*.

Second, even at the conditional certification stage, Plaintiff submitted significant evidence of a pattern of age discrimination, including direct evidence of age animus.[2] Thus, an interlocutory appeal would not likely change the ultimate outcome of the District Court's order on conditional

---

[2]    Indeed, in related litigation the EEOC sued Eli Lilly for a pattern of age discrimination in hiring. *See EEOC v. Lilly USA, LLC*, Civ. Act. No. 22-01882 (S.D. Ind.).

2

certification.

For decades, this Court has afforded "wide discretion" to district courts regarding this standard and has routinely declined to dictate some other standard than the prevailing "two-step" conditional certification process. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 n.5 (7th Cir. 2020). If this Court desired to dictate the conditional certification standard to district courts, it would have done so in *Bigger* or in *In re New Albertsons*.

Instead, the Court has allowed the lower courts to exercise their discretion in determining the appropriateness of conditional certification. As a result, the lower courts have overwhelmingly employed the two-step standard. There is virtually no disagreement among the courts in this Circuit as to what that standard should be, and there is no reason for this Court to insert itself to resolve a non-existent dispute.

## **ARGUMENT**

## I.    **Section 1292(b) Only Permits Interlocutory Appeals in "Exceptional Circumstances"**

Interlocutory appeals brought under 28 U.S.C. § 1292(b) are "disfavored because generally they interrupt litigation and burden

appellate courts unduly." *Travelers Indemnity Co. v. Johnson*, 2020 WL 1934179, at *2 (N.D. Ind. Apr. 22, 2020) (quoting *Conticommodity Servs., Inc. v. Ragan*, 826 F.2d 600, 601 (7th Cir. 1987)). Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal citation and quotations omitted).

Importantly, "discretionary decisions 'are exceptionally poor candidates for § 1292(b) certification' as they rarely involve a controlling question of law.'" *Janusz v. City of Chicago*, 2013 WL 12331279, at *2 (N.D. Ill. June 21, 2013) (internal quotations omitted).

"[E]ven if the district judge certifies the order under s 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Resnick v. American Dental Ass'n*, 95 F.R.D. 372, 379 (N.D. Ill. 1982) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

In order to justify its request for permission to appeal on an

interlocutory basis, Eli Lilly must show that the questions appealed (1) "involve[] a controlling question of law"; (2) "as to which there is a substantial ground for a difference of opinion"; and (3) "that an immediate appeal of that question will materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even if all three prongs are met, the moving party must further demonstrate "exceptional circumstances" to justify interlocutory appeal. *Whitaker v. Kenosha Unified School*, 2016 WL 5376330, at *3 (E.D. Wis. Sept. 25, 2016).

## II.    This Case Does Not Present Substantial Grounds for a Difference of Opinion

At the heart of any inquiry into whether an interlocutory appeal should be permitted under § 1292(b) is whether the question at issue presents substantial grounds for a difference of opinion. *See* 28 U.S.C. 1292(b). It is not enough that conflicting opinions exist as to a question of law. Likewise, "the fact that there is no Seventh Circuit precedent on the issue . . . does not establish substantial ground for difference of opinion." *Newsome v. Wisconsin Cent. Ltd.*, 2015 WL 6872360, at *4 (E.D. Wis. Nov. 9, 2015). "If the central question of law has not been settled by controlling

authority, the moving party must still show that there is a substantial likelihood that the district court ruling will be reversed on appeal." *Boese v. Paramount Pictures Corp.*, 952 F. Supp. 550, 560-61 (N.D. Ill. 1996).

Here, there is no substantial ground for a difference of opinion that would justify interlocutory appeal. Although the District Court certified this issue, Eli Lilly has completely failed to make a showing of "substantial likelihood that the district court ruling will be reversed on appeal." *Id.*

As the District Court explained in granting conditional certification, "courts in this Circuit have traditionally applied an *ad hoc* two-step certification process 'in which the first step is merely preliminary.'" (Order at p. 3, D. Ct. Dkt. 82.) At the first step, "the plaintiff need only make a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." (Order at p. 4, D. Ct. Dkt. 82 (quoting *Duan v. MX Pan Inc.*, 2023 WL 5955911, at *1 (S.D. Ind. Aug. 21, 2023).) "At the more stringent second step following discovery, the court reevaluates the conditional certification and 'determine[s] whether there is sufficient similarity between the named

and opt-in plaintiffs.'" (Order at p. 4, Dkt. 82 (quoting *Duan*, 2023 WL 5955911, at *1).) Eli Lilly, however, asserts that the mere existence of *Swales*[3] and *Clark*[4] warrants an interlocutory appeal. Eli Lilly has not cited (nor can it cite) even a single appellate or district court decision indicating that this Court would consider following *Swales* or *Clark*.

 First and foremost, this Court has already considered and rejected the

---

[3] In *Swales*, the Fifth Circuit adopted a more stringent standard than the two-step conditional certification process. *See Swales*, 985 F.3d at 441-43. It held that "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated,'" and "then it should authorize preliminary discovery accordingly." *Id.* at 442. After such discovery, the district court should consider "all available evidence" and determine whether "Plaintiffs and Opt-ins are too diverse a group to be 'similarly situated.'" *Id.* at 443.

[4] In *Clark*, the Sixth Circuit held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves.'" *Clark*, 68 F.4th at 1008. *Clark* did not go so far as to hold that the plaintiff must establish that employees are "similarly situated" by a preponderance of the evidence. *Clark*, 68 F.3th at 1011 (noting that the "strong likelihood" standard is less than the "preponderance" standard).

application of *Swales* in *In re New Albertsons, Inc.*, 2021 WL 4028428, at *1-2.[5] There, the defendants moved the district court to certify an order granting conditional certification for interlocutory appeal under 28 U.S.C. § 1292(b), but the district court denied the motion. *See id.* at *2. The defendants then petitioned this Court for a writ of mandamus. *See id.* Like Eli Lilly, the defendants argued "the absence of instruction in the statute and from the Supreme Court has created a circuit split regarding the proper procedure for determining whether an FLSA case should proceed as a collective action while [the Seventh Circuit has] remained silent on the issue." *Id.* This Court declined to grant mandamus, explaining that "[w]e have repeatedly said that district courts have 'wide discretion to manage collective actions,'" and "the two-step process followed by the district court is widely approved by other circuits and used in many district courts." *In re New Albertsons, Inc.*, 2021 WL 4028428, at *2 (quoting *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010)). This Court also held that grants of

---

[5]     *In re New Albertsons* appears to be the only Court of Appeals decision to address *Swales* outside of the Fifth and Sixth Circuits. No other Court of Appeals appears to have addressed *Clark* outside of the Sixth Circuit.

conditional certification are not well-suited to interlocutory appeals:

> Further, conditional certification and authorization of notice to others who may be similarly situated is a preliminary, non-final step that does not adjudicate any party's rights. The merits of [the named plaintiff's] and other employees' claims (and whether they are similarly situated) can be litigated later. And although petitioners say conditional certification will cause irreversible harm, the burdens on these defendants are not substantially different from discovery burdens or other burdens of civil litigation. The power to review interlocutory orders is limited, and we decline to issue a writ of mandamus in the absence of a clear right to relief.

*Id.*

Curiously, neither the District Court in its decision to certify the question for interlocutory appeal nor Eli Lilly meaningfully addressed *In re New Albertsons*. (Entry on Defendants' Motion to Certify an Immediate Appeal at pp. 5-12, D. Ct. Dkt. 102; Eli Lilly's Petition at pp. 8-17, Dkt. 1.) While *In re New Albertsons* was decided in the mandamus context, its reasoning is equally applicable here, where Eli Lilly moves for certification of interlocutory appeal pursuant § 1292(b). Indeed, the only reason this Court addressed the issue in the mandamus context was that the district court had already declined to certify the conditional certification order for

interlocutory review. *See In re New Albertsons, Inc.*, 2021 WL 4028428, at *1.

Nor have the lower courts in this Circuit given reason to think that this Court will reverse the District Court's decision in this matter. The lower court's decision in *New Albertsons, Inc.* is instructive, where it explained that the two-step conditional certification process is "well-established law in this district – and many others," and that "*Swales* is an outlier and limited to its facts." *Piazza v. New Albertsons, Inc.*, 2021 WL 3645526, at *4 (N.D. Ill. Aug. 16, 2021). Thus, the court concluded that "[t]here is not a substantial 'difference of opinion.'" *Id.*; *see also Prater v. Alliance Coal, LLC*, 2022 WL 22278935, at *1 (S.D. Ind. Mar. 16, 2022) (denying defendant's "request for a separate discovery period as to conditional certification").

Likewise, the District Court forcefully rejected the applications of *Swales* and *Clark* when it granted conditional certification, noting that every case in the Seventh Circuit has done the same:

> The Court declines Defendants' invitation to apply the Fifth Circuit's framework in *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021), or the Sixth Circuit's more recently established version in *Clark v. A&L Homecare & Training Center,*

*LLC*, 68 F.4th 1003 (6th Cir. 2023) (*see* Filing No. 45 at 28–29). When presented with the issue, other courts throughout the Seventh Circuit have refused to adopt *Swales* and/or *Clark* and have continued to adhere to the two-step approach. *See, e.g., New Albertsons*, 2021 WL 4028428 at *2 (declining to hold that district court's decision to apply two-stage collective certification framework instead of *Swales*, "was patently erroneous or outside the bounds of judicial discretion"); *O'Neil v. Bloomin' Brands Inc.*, 2023 WL 8802826, at *3 n.2 (N.D. Ill. Dec. 19, 2023) (disagreeing with Defendants' claim that *Swales* and *Clark* show the "tide is shifting away from a two-stage approach to certification"); *Brant v. Schneider Nat'l Inc.*, 2023 WL 4042016, at *2 (E.D. Wis. May 4, 2023) (declining invitation to depart from the two-step process), *reconsideration denied*, 2024 WL 218416 (E.D. Wis. Jan. 19, 2024); *McColley v. Casey's Gen. Stores, Inc.*, 559 F. Supp. 3d 771, 776, 2021 WL 1207564 (N.D. Ind. 2021) ("The FLSA certification two-step remains the dance of this circuit — as least for the time being — and the court adheres to it."). In the absence of a Seventh Circuit case overruling this long-applied approach, the Court finds no reason to depart from it and now turns to the issue of whether the potential plaintiffs are "similarly situated" for purposes of conditionally certifying the collective action.

(Order at p. 6, D. Ct. Dkt. 82.) *See also Dawkins v. NR 1 Transport, Inc.*, 2021 WL 412086, at *13 (N.D. Ill. Sept. 8, 2021) (rejecting *Swales*, because "the possibility that a fact-intensive inquiry may be necessary later on does not preclude conditional certification at stage one.").

Three days after the District Court issued its decision, another district court followed suit, observing that "[c]ourts in this district have generally

used the two-step approach to determine whether to facilitate notice of an FLSA lawsuit to similarly situated employees, and the Seventh Circuit continues to allow it." *Calloway v. AT&T Services, Inc.*, 2024 WL 1328823, at *3 (N.D. Ill. Mar. 28, 2024).

Even more recently, in *Jirek v. AstraZeneca Pharmaceuticals LP*, 2024 WL 2207634, at *4 n.2 (N.D. Ill. May 14, 2024), the court declined to adopt *Swales* or *Clark*, explaining: "Without a Seventh Circuit case overruling the historic two-step approach that courts in this District routinely take to conditionally certify collective actions, the Court declines AstraZeneca's invitation to depart from this test." Similarly, in *Miller v. St. Clair County*, 2024 WL 2133799, at *2 (S.D. Ill. May 13, 2024), the court employed the typical two-step framework, citing to this Court's decision in *In Re New Albertsons*, 2021 WL 4028428, at *2. The court in *Van Note v. International Flavors & Fragrances, Inc.*, did the same:

> Because most courts have used the two-step approach, the Court will use that approach here. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 n.5 (7th Cir. 2020) (acknowledging district courts' practice of using the two-step approach and declining to require or prohibit it); *In re New Albertsons, Inc.*, 2021 WL 4028428, at *1 (7th Cir. 2021) (denying mandamus petition for review of district

court's use of two-step conditional certification process, citing its
"regular[ ] use[ ] in the Northern District of Illinois and other
courts").

2024 WL 1994314, at *3 n.3 (C.D. Ill. May 2, 2024). The fact of the matter is

that district courts throughout this Circuit have overwhelmingly opted to

utilize the two-step approach to conditional certification for decades,[6] with

tacit approval (and in the case of *In re New Albertsons* explicit approval)

from this Court.[7]

---

[6]    Tellingly, courts in this Circuit and around the country have
routinely declined to certify decisions granting conditional certification for
interlocutory appeal. For example, in *New Albertsons, Inc.*, 2021 WL
3645526, at *4, the district court rejected the application of *Swales* and
firmly denied the defendants' motion for interlocutory appeal. Similarly, in
*Brant v. Schneider Nat'l, Inc.*, having refused to adopt *Swales*, the court
explained that an interlocutory appeal of a conditional certification order
"would not 'materially advance the ultimate termination of the litigation'
and would only delay the resolution of Plaintiffs' claims." 2024 WL 218416,
at *2 (E.D. Wis. Jan. 19, 2024). *See also Peck v. Mercy Health*, 2023 WL
1795421, at *3 (E.D. Mo. Feb. 7, 2023) (denying motion for interlocutory in
light of the "nearly universal negative treatment of *Swales* by other district
courts" in the Eighth Circuit).

[7]    *See Williams v. Matteson Sports Bar*, 2024 WL 1195722, at *3 (N.D. Ill.
Mar. 20, 2024); *Latipov v. AN Enterprise, Inc.*, 2024 WL 4744166, at *5 (N.D.
Ill. Feb. 7, 2024); *O'Neil*, 2023 WL 8802826, at *3; *Williams v. TopHat Logistical
Solutions, LLC*, --- F. Supp. 3d ---, 2023 WL 8190366, at *6 (N.D. Ill. Nov. 27,
2023); *Evans v. Dart*, 2023 WL 6049935, at *5 (N.D. Ill. Sept. 15, 2023); *Duan*,

In the face of this overwhelming authority, Eli Lilly's contention that

there is a substantial difference of opinion as to the standard for

conditional certification in this Circuit should not be taken seriously.[8]

---

2023 WL 5955911, at *1; *Prater v. Alliance Coal, LLC*, 2022 WL 22285581, at *2 (S.D. Ind. Mar. 22, 2022); *Slaughter v. Caidan Mgt. Co., LLC*, 317 F. Supp. 3d 981, 988 (N.D. Ill. 2018); *Shumate v. Genesco, Inc.*, 2018 WL 259942, at *2 (S.D. Ind. Jan. 2, 2018); *Oshikoya v. Leidos Health, LLC*, 2017 WL 6154428, at *2-3 (S.D. Ind. Dec. 8, 2017); *Girolamo v. Community Physical Therapy & Associates, Ltd.*, 2016 WL 3693426, at *2 (N.D. Ill. July 12, 2016); *Solsol v. Scrub, Inc.*, 2015 WL 1943888, at *2 (N.D. Ill. Apr. 27, 2015); *Clugston v. Shamrock Cartage and Spotting Services*, 2014 WL 5502455, at *2-3 (S.D. Ind. Oct. 30, 2014); *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 438 (S.D. Ind. 2012); *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010); *Hundt v. DirectSat USA, LLC*, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010); *Rochlin v. Cincinnati Ins. Co.*, 2003 WL 21852341, at *14-16 (S.D. Ind. July 8, 2003). This string cite is by no means exhaustive.

[8]    Eli Lilly relies on *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771-72 (7th Cir. 2013), for the proposition that the FLSA and Rule 23 standards have been merged such that conditional certification should be governed by a preponderance of the evidence standard. However, as the court recently explained in *Williams*, 2024 WL 1195722, at *4, "*Espencheid* is better understood as simply recognizing that the collective action and class action analyses often overlap." Eli Lilly also relies on a few cases supposedly departing from the two-step conditional certification standard. Eli Lilly cites to *Fillipo v. Anthem Cos.*, 2022 WL 18024818, at *2 (S.D. Ind. Dec. 30, 2022), but in that case, the court merely noted that the Seventh Circuit does not require the two-step process and used its discretion to apply the Rule 23 standard instead. Although outside the mainstream, this decision does not justify an interlocutory appeal. Eli Lilly cites *Fitzgerald v. Forest River*

Moreover, even if Eli Lilly were correct that there is a "diverse approach" to conditional certification, this supposed diversity would not justify an interlocutory appeal. This Court has declined to require any particular approach to conditional certification. *See Bigger*, 947 F.3d at 1049 ("We have not required this two-stage approach, nor do we do so now.") As the District Court noted, "[d]istrict courts throughout this Circuit, entrusted with 'wide discretion' in managing collective actions . . . have nevertheless commonly employed the two-step process." (Order at p. 3-4, D. Ct. Dkt. 82 (citing *In re New Albertsons*, 2021 WL 4028428, at *1-2).)

### III.   The District Court's Order Does Not Present a Pure Question of Law

The question at issue here does not present a pure question of law. In

---

*Manufacturing LLC*, 2022 WL 558336, at *3 (N.D. Ind. Feb. 23), and *McColley*, 559 F. Supp. 3d at 775, but those cases actually support Plaintiffs' argument. In those cases, Judge Leichty applied the two-step process despite his reservations about the "modest" and "modest plus" burden used under that standard. *See Fitzgerald*, 2022 WL 558336, at *4; *McColley*, 559 F. Supp. 3d at 775. Likewise, Eli Lilly's reliance on *Calloway*, 2024 WL 1328823, at *3, fails, since in that case the court *rejected* application of the higher level of scrutiny adopted by the Sixth Circuit in *Clark*. At bottom, *Fillipo* is the *lone single case* within the Seventh Circuit raised by Eli Lilly that diverged from the two-step conditional certification process.

relevant part, Eli Lilly frames the question at issue in its Petition as "May courts order this notice merely upon a 'modest showing' of similarity that ignores evidence submitted by the defendant, as the court below held; or should courts use a higher standard and consider all record evidence, as the Fifth and Sixth Circuits have held?" (Eli Lilly's Petition at p. 3, Dkt. 1.)

Although the District Court indicated that this question presented an issue of law, several other courts have held otherwise. For example, the district court in *New Albertsons, Inc.*, explained: "The first question posed by Defendants ('what evidence courts should consider'), does not present a question of law." 2021 WL 3645526, at *3. Moreover, "[i]t is not a matter of law, 'what evidence' should be considered in determining whether to certify a collective action." *id.*; *see also Peck*, 2023 WL 1795421, at *2 ("Mercy tries to avoid this reality by arguing that the issue at hand is the 'similarly situated' standard itself, not the Court's application of the facts to that standard. But Mercy fails to identify any meaningful disagreement within the Eighth Circuit regarding the appropriate standard. [] Mercy fails to present a pure question of law in this regard.").

16

As *New Albertsons, Inc.* noted, numerous other cases have reached

similar conclusions.[9] Thus, the "question of law" criterion is not met.

## IV.    The Question Presented for Interlocutory Review is Not "Controlling" for the Purposes of 28 U.S.C. § 1292(b)

Eli Lilly argues that the question of the conditional certification

standard is "controlling" for the purposes of § 1292(b), because it will affect

the scope of the litigation. However, whether or not a preponderance of the

evidence standard is applied, the parties will have to engage in the same

scope of discovery. Indeed, in *New Albertsons, Inc.*, the district court

rejected a nearly identical argument:

> Defendants' proposal does not avoid lengthy collective
> discovery. Rather, it allows for extensive discovery prior to

---

9      *See, e.g.*, *Watson v. Jimmy John's, LLC*, 2015 WL 8521293, at *5 (N.D. Ill. Nov. 30, 2015) (denying interlocutory appeal because defendant's challenge to "the adequacy of plaintiff's evidentiary showing that he is 'similarly situated' with others in the putative class [...] plainly is not a legal issue."); *Lillehagen v. Alorica, Inc.*, 2014 WL 2009031 (C.D. Cal. May 15, 2014) (whether the "two-step process" and the "lenient" standard at step one were appropriate not a controlling question of law or a question about which there was substantial grounds for difference of opinion); *Craig v. Rite Aid Corp.*, 2010 WL 1994888, at * 3 (M.D. Pa. Feb. 4, 2010) (question about the "appropriate quantum and type of evidence to consider in evaluating the propriety of conditional certification" did not involve a question of law, so motion for interlocutory appeal was denied).

notifying the ASDs about the litigation they have the right to join.

2021 WL 3645526, at *3.

*New Albertsons, Inc.*, also observed that "Defendants can move to decertify the collective action," and that "[m]any courts have determined this renders determinations at step one not controlling questions of law." *id.*; *see also Peck*, 2023 WL 1795421, at *3 ("Finally, it is important to note that certification of the putative class at this stage is conditional by its nature. [] Mercy may later move to decertify the class. [] Several courts have determined that the conditionality of such certifications necessarily means they do not present controlling questions of law."); *Long v. CPI Sec. Sys., Inc.*, 2013 WL 3761078, at *3 (W.D.N.C. July 16, 2013) ("Where a court's decision is conditional and may be altered or amended before decision on the merits, the decision is not a controlling question of law to be reviewed under § 1292(b).") (citation omitted); *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1069 (D. Ariz. 2015) (no controlling question of law given the temporary nature of the conditional step one order); *Pereira v. Foot Locker, Inc.*, 2010 WL 300027, at *1 (E.D. Pa. Jan. 25, 2010) (same); *LaFleur v. Dollar*

18

*Tree Stores, Inc.*, 2013 WL 150722, at *4 (E.D. Va. Jan. 11, 2013) ("no controlling question of law yet at issue given the temporary nature of its conditional order to certify a collective [...]. Defendant will have ample opportunity at the end of Phase I Discovery to seek decertification of the conditionally certified collective."); *Ellerd v. Cnty. of L.A.*, 2009 WL 3462179, at *6 (C.D. Cal. Oct. 22, 2009) (same).

As such, the District Court's Order does not present a controlling question appropriate for interlocutory appeal.

## V.    Interlocutory Appeal Would Not Materially Advance the Ultimate Termination of the Litigation

Eli Lilly also incorrectly asserts that an interlocutory appeal here would materially advance the ultimate termination of the litigation. To the contrary, allowing appeal here would severely disrupt and delay the litigation. The District Court assumed that a balance could be struck here because Eli Lilly took the position that discovery would continue during the pendency of the appeal. However, since the District Court issued its § 1292(b) certification order on May 10, 2024 (D. Ct. Dkt. 102), Eli Lilly has largely backtracked on its position.

On May 24, Eli Lilly filed an Objection (D. Ct. Dkt. 109) to the magistrate judge's order (D. Ct. Dkt. 95) that had compelled Eli Lilly to participate in broad, companywide discovery. Eli Lilly argued that the magistrate's discovery order was premised on the existence of a nationwide class, and that discovery should be limited solely to the sales division of the Diabetes Business Unit where Plaintiff worked. (Eli Lilly's Objection at p. 11, D. Ct. Dkt. 109.) This limitation makes no sense given that the allegations in this case concern a companywide scheme of discrimination, and discovery throughout the company will be necessary regardless of whether the conditional certification of the class in this case stands. In one breath, Eli Lilly has convinced the District Court that an interlocutory appeal will not interfere with discovery, and in the next, Eli Lilly has asked the District Court to significantly stall discovery during the pendency of the appeal. This duplicity on the part of Eli Lilly goes to show the risk that an interlocutory appeal will significantly disrupt the orderly litigation of this matter. Further, discovery would obviously be impacted by the knowledge of who had opted in to the case as plaintiffs.

Other courts agree. In *Brant*, the court declined to certify an interlocutory appeal in light of *Swales* and explained that "an interlocutory appeal would not 'materially advance the ultimate termination of the litigation' and would only delay the resolution of Plaintiffs' claims." *Brant*, 2024 WL 218416, at *2. Similarly in *Babbitt v. Target Corp.*, 2023 WL 2540450, at *5 (D. Minn. Mar. 16, 2023), the court held that an interlocutory appeal considering the application of *Swales* would not materially advance the termination of the litigation. Likewise, in *Thompson v. K.R. Denth Trucking, Inc.*, 2011 WL 4760393, at *2 (S.D. Ind. Oct. 7, 2011), the court declined to certify a decision granting conditional certification for interlocutory appeal, explaining that it would be more appropriate to proceed with discovery, after which defendant could file for decertification.

**VI.    Plaintiff Presented Far More Evidence of a Pattern of Age Discrimination Than In a Typical Conditional Certification Motion, Thus Making this Case Inappropriate for Interlocutory Review**

An interlocutory appeal would not likely change the ultimate outcome. Plaintiff submitted evidence supporting conditional certification

that goes far beyond the norm.[10] Conditional certification would be warranted even under the more stringent standards set forth in *Swales* and *Clark*.

First, Eli Lilly's discriminatory preferences for younger, Millennial employees has been well documented. On September 26, 2022, the EEOC filed suit against Eli Lilly, alleging that it systematically failed to hire older employees for pharmaceutical sales representatives based on their age. *See EEOC v. Lilly USA, LLC*, Civ. Act. No. 22-01882 (S.D. Ind.).

Second, an Eli Lilly Executive Business Director, James Sweeney, observed, first-hand, senior leadership discriminating against older employees up for promotions, as well as executives directing and incentivizing that discrimination. *See generally* Sweeney Aff., D. Ct. Dkt. 42-3. Indeed, since at least 2017, Eli Lilly has been engaged in a companywide

---

[10] The modest factual standard showing "is often based only upon the pleadings and any affidavits submitted by the parties," *Kruger v. Arrow Container, LLC*, 2019 WL 6468334, at *1 (S.D. Ind. Dec. 2, 2019), and "courts require little more than substantial allegations, supported by declarations or discovery . . . ." *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 2322322, at *2 (N.D. Cal. June 7, 2021).

effort to shift its personnel focus to Millennials at the detriment of older employees, openly espousing an aggressive strategy of hiring and retaining Millennial employees. *See generally* Sweeney Aff., D. Ct. Dkt. 42-3.

Third, Plaintiff had successfully filled, on a temporary basis, the role for which she later applied and was rejected. *See generally* Richardson Aff., D. Ct. Dkt. 42-4.

Fourth, Plaintiff has identified similarly situated employees who were also passed over for promotions in favor of younger, less-qualified employees. Plaintiff submitted a declaration from a former Eli Lilly sales employee Christina Sosa, who worked in Florida, indicating that Eli Lilly's discriminatory scheme was not limited to just one region. *See generally* Sosa Aff., D. Ct. Dkt. 42-6. Likewise, Plaintiff submitted a declaration from a Senior Scientist at Eli Lilly, Herold Oluoch, who attested that similar discriminatory promotions were being carried out in the research segment of the company (indicating the discrimination was not limited to sales). *See generally* Oluoch Aff., D. Ct. Dkt. 42-5.

Additionally, as a part of its effort to retain Millennial workers, Eli

Lilly has created resource groups for younger employees who it calls "Early Career Professionals" and has systematically favored younger employees by giving them promotions to the exclusion of older employees who are equally or better qualified. *See* Sweeney Aff. ¶ 9, D. Ct. Dkt. 42-3.

Because this evidence is significantly greater than plaintiffs typically submit at the step-one stage, it is likely that the District Court would have authorized Plaintiff to issue notice even under a *Swales* or *Clark*-like standard. Thus, an interlocutory appeal would only serve to delay this matter and would not impact the ultimate outcome.

## <u>CONCLUSION</u>

The Court should deny Eli Lilly's Petition for Permission to Appeal. Eli Lilly has failed to establish that there is a significant difference of opinion regarding the standard for conditional certification in this Circuit, and this Court has already held in *In re New Albertsons* that the conditional certification standard does not present the kind of exceptional circumstances that justify interlocutory intervention by this Court.

Dated: May 31, 2024                    Respectfully submitted,

                                       MONICA RICHARDS, on behalf of
                                       herself and all others similarly situated,

                                       By her attorneys,

                                       /s/ Harold Lichten
                                       Harold Lichten
                                       Thomas Fowler
                                       LICHTEN & LISS-RIORDAN, P.C.
                                       729 Boylston Street, Suite 2000
                                       Boston, Massachusetts 02116
                                       (617) 994-5800
                                       hlichten@llrlaw.com
                                       tfowler@llrlaw.com

                                       Jeffrey A. Macey
                                       MACEY SWANSON LLP
                                       429 N. Pennsylvania St., Suite 204
                                       Indianapolis, IN 46204
                                       (317) 637-2345
                                       jmacey@MaceyLaw.com

                                       *Attorneys for Plaintiff-Respondent*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limitations of Fed. R. App. P. 5(c)(1), because this document contains 5,200 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Palatino Linotype style font.


Dated: May 31, 2024                    <u>/s/ Harold Lichten</u>
                                       Harold Lichten
                                       *Attorney for Plaintiff-Respondent*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2024, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Harold Lichten</u>
Harold Lichten
*Attorney for Plaintiff-Respondent*