No. 24-8017

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

MONICA RICHARDS, individually and on behalf of all other
similarly situated individuals

*Plaintiff-Respondent*,

v.

ELI LILLY & COMPANY; LILLY USA, LLC,

*Defendants-Petitioners*.

**Appeal from the United States District Court for the
Southern District of Indiana, No. 1:23-cv-242-TWP**

**DEFENDANTS-PETITIONERS'
PETITION FOR PANEL REHEARING
OR REHEARING EN BANC**

James R. Saywell
JONES DAY
901 Lakeside Ave. East
Cleveland, Ohio 44114
(216) 586-3939
jsaywell@jonesday.com

Yaakov M. Roth
 *Counsel of Record*
Christopher Pagliarella
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939
yroth@jonesday.com

*Counsel for Petitioners*

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-08017

Short Caption: Eli Lilly & Company et al. v. Monica Richards

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Eli Lilly and Company; Lilly USA, LLC.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Jones Day; Jenner & Block LLP; McGuireWoods LLP (district court)

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

    Eli Lilly: N/A.  Lilly USA: Eli Lilly and Company is the sole member, and thus its parent corporation.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    None.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Yaakov M. Roth    Date: 7/15/24

Attorney's Printed Name: Yaakov M. Roth

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ✓    **No** ☐

Address: 51 Louisiana Avenue NW

Washington, DC 20001

Phone Number: (202) 879-3939    Fax Number: (202) 626-1700

E-Mail Address: yroth@jonesday.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-08017

Short Caption: Eli Lilly & Company et al. v. Monica Richards

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

        ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Eli Lilly and Company; Lilly USA, LLC.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Jones Day; Jenner & Block LLP; McGuireWoods LLP (district court)

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and

Eli Lilly: N/A. Lilly USA: Eli Lilly and Company is the sole member, and thus its parent corporation.

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

None.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ James R. Saywell    Date: 7/15/24

Attorney's Printed Name: James R. Saywell

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☐  **No** ☑

Address: 901 Lakeside Ave. East

Cleveland, OH 44114

Phone Number: (216) 586-3939    Fax Number: (216) 579-0212

E-Mail Address: jsaywell@jonesday.com

rev. 12/19 AK

Save As     Clear Form

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: __24-08017__

Short Caption: __Eli Lilly & Company et al. v. Monica Richards__

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
__Eli Lilly and Company; Lilly USA, LLC.__

_____

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
__Jones Day; Jenner & Block LLP; McGuireWoods LLP (district court)__

_____

(3)     If the party, amicus or intervenor is a corporation:

   i)     Identify all its parent corporations, if any; and

   __Eli Lilly: N/A.  Lilly USA: Eli Lilly and Company is the sole member, and thus its parent corporation.__

   ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

   __None.__

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   __N/A__

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   __N/A__

Attorney's Signature: __/s/ Christopher Pagliarella__     Date: __7/15/24__

Attorney's Printed Name:  __Christopher Pagliarella__

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     **Yes** [ ]     **No** [✓]

Address: __51 Louisiana Avenue NW__

   __Washington, DC 20001__

Phone Number: __(202) 879-3939__     Fax Number: __(202) 626-1700__

E-Mail Address: __cpagliarella@jonesday.com__

rev. 12/19 AK

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND RULE 35(B) STATEMENT ........................................................ 1

BACKGROUND ............................................................................................................ 3

ARGUMENT ................................................................................................................. 5

    I.      INTERLOCUTORY REVIEW IS WARRANTED UNDER § 1292(b). ........................... 5

          A.      The Legal Standard for Sending Notice Is a Controlling Question of Law ..................................................................................... 6

          B.      Courts Are Divided Over the Legal Standard for Sending Notice ................................................................................................. 7

          C.      Resolving the Notice Standard Now Would Advance the Litigation ................................................................................................. 9

    II.     CONTRARY TO THE MOTIONS PANEL, THIS IS THE ONLY POSTURE THAT ALLOWS FOR APPELLATE REVIEW OF THE STANDARD FOR SENDING NOTICE .................................................................................................... 10

    III.    THE ORDER CONFLICTS WITH DECISIONS OF THIS COURT AND OTHER CIRCUITS. .................................................................................................... 12

CONCLUSION ............................................................................................................. 14

CERTIFICATE OF COMPLIANCE ............................................................................ 15

CERTIFICATE OF SERVICE .................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*,
219 F.3d 674 (7th Cir. 2000) ................................................................6, 10

*Baptist v. City of Kankakee*,
481 F.3d 485 (7th Cir. 2007) ....................................................................6

*Bergman v. Kindred Healthcare, Inc.*,
949 F. Supp. 2d 852 (N.D. Ill. 2013) .....................................................3, 8

*Bigger v. Facebook, Inc.*,
947 F.3d 1043 (7th Cir. 2020) ......................................................... *passim*

*Calloway v. AT&T Servs., Inc.*,
2024 WL 1328823 (N.D. Ill. Mar. 28, 2024) ...........................................9

*Carter v. Ind. State Fair Comm'n*,
2012 WL 4481348 (S.D. Ind. Sept. 28, 2012) ..........................................8

*Clark v. A&L Homecare & Training Ctr., LLC*,
68 F.4th 1003 (6th Cir. 2023) ......................................................... *passim*

*Espenscheid v. DirectSat USA, LLC*,
705 F.3d 770 (7th Cir. 2013) ...........................................................3, 9, 11

*Hoffmann-La Roche Inc. v. Sperling*,
493 U.S. 165 (1989) ...............................................................................3, 8

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66 (2013) ....................................................................................3

*In re Miedzianowski*,
735 F.3d 383 (6th Cir. 2013) .....................................................................7

*In re New Albertsons*,
No. 21-2577, 2021 WL 4028428 (7th Cir. Sept. 1, 2021) ...................11, 14

*Ivery v. RMH Franchise Corp.*,
    280 F. Supp. 3d 1121 (N.D. Ill. 2017) ...................................................................3

*Johnson v. Burken*,
    930 F.2d 1202 (7th Cir. 1991) ...........................................................................7

*Lusardi v. Xerox Corp.*,
    118 F.R.D. 351 (D.N.J. 1987) ................................................................... *passim*

*Lusardi v. Xerox Corp.*,
    122 F.R.D. 463 (D.N.J. 1988) ...........................................................................7

*McColley v. Casey's Gen. Stores, Inc.*,
    559 F. Supp. 3d 771 (N.D. Ind. 2021) ...........................................................9, 13

*Mitchell v. Villas of Holly Brook Senior Living, LLC*,
    2024 WL 3342504 (C.D. Ill. July 8, 2024) ..........................................................14

*Skevington v. Hopebridge, LLC*,
    2024 WL 1175448 (S.D. Ind. Mar. 18, 2024) .......................................................14

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
    86 F.3d 656 (7th Cir. 1996) ...........................................................................7

*Swales v. KLLM Transp. Servs., LLC*,
    985 F.3d 430 (5th Cir. 2021) ................................................................... *passim*

*Thomas v. Maximus, Inc.*,
    2022 WL 1482008 (E.D. Va. May 10, 2022) ..........................................................6

*U.S. Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980) ...................................................................................11

*Van Note v. Int'l Flavors & Fragrances, Inc.*,
    2024 WL 1994314 (C.D. Ill. May 3, 2024) ......................................................9, 13

*Vanegas v. Signet Builders, Inc.*,
    2023 WL 5663259 (W.D. Wisc. Sept. 1, 2023) .............................................2, 12, 13

*Woods v. N.Y. Life Ins. Co.*,
    686 F.2d 578 (7th Cir. 1982) .....................................................................2, 6, 13

**STATUTES**

28 U.S.C. § 1292 ........................................................................................ *passim*

29 U.S.C. § 216 ...................................................................................................3

29 U.S.C. § 626 ...................................................................................................3

## INTRODUCTION AND RULE 35(B) STATEMENT

This proceeding involves an important, recurring question that has divided federal courts: the legal standard for sending notice to members of a putative "collective action." The Fifth and Sixth Circuits recently held that, before sending such notice, courts must rigorously review whether the putative collective's members are "similarly situated" in light of all the record evidence. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023); *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 443 (5th Cir. 2021). But district courts in this Circuit follow a competing, aberrational approach, the *Lusardi* two-step, under which notice is sent at the threshold based on a standard so lax it is almost impossible *not* to satisfy—with all meaningful consideration of similarity deferred until a second step, *after* notice and full merits discovery.

The district court below followed *Lusardi*, ordering nationwide notice to a sweeping collective on the flimsiest of showings, while ignoring conflicting evidence and blinding itself to "merits issues." But it then certified the matter for interlocutory review—and stayed notice pending such review. That gave this Court a singular opportunity to decide whether to adopt *Lusardi*, or instead the Fifth and Sixth Circuits' approach, to govern collective actions in this Circuit. That is unquestionably an important issue that satisfies all the requisites for interlocutory review under 28 U.S.C. § 1292(b).

A motions panel, however, denied the petition. It acknowledged "that the process for certifying a collective action" is "a recurring issue," and did not deny that the § 1292(b) elements were satisfied, but declared (*sua sponte*) that it would be better to defer review until after *Lusardi*'s "second step," with "a more complete record." ECF 7 (Order).

Respectfully, that defeats the purpose: Review later will be *impossible*. The certified question that has divided courts is whether to send out notice at the threshold, *without* a developed factual record. Once notice is sent, and discovery is completed, and the more rigorous step-two analysis is conducted, that question will no longer matter. *Lusardi*'s harms—soliciting baseless claims, imposing unfair settlement pressure, and subjecting defendants to costly merits discovery for "collectives" that could never hold up—will already have been incurred and cannot be undone. Whether the district court erred by sending premature notice on a shoddy, one-sided record will be moot. Declining review until after notice is thus not *deferring* review—it is *defeating* it. That is why the Fifth and Sixth Circuits each rendered their decisions on § 1292(b) review at step-one. If this Court declines to answer the question in this posture, it will *never* answer it.

The panel's reliance on the mirage of later review conflicts with orders of this Court granting interlocutory review of other threshold "notice" issues at the only time possible: *before* notice is sent. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1048 (7th Cir. 2020); *Vanegas v. Signet Builders, Inc.*, 2023 WL 5663259 (W.D. Wisc. Sept. 1, 2023), *permission to appeal granted and docketed*, No. 23-2964; *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 582 (7th Cir. 1982). And, since district courts in this Circuit are standing by *Lusardi* absent contrary direction from this Court (direction for which they have pleaded), denying review effectively rejects the Fifth and Sixth Circuits' decisions, without briefing or argument.

The panel or en banc court should therefore grant rehearing, grant Lilly's petition for interlocutory appeal, and proceed to merits briefing on whether to adopt or displace *Lusardi*. It is truly now or never.

## BACKGROUND

**1.**  The Fair Labor Standards Act (FLSA) and Age Discrimination in Employment Act (ADEA) authorize plaintiffs to sue on behalf of "other employees similarly situated."  29 U.S.C. §§ 216(b), 626(b).  This Court has held that the "similarity" test should mirror Rule 23's commonality inquiry.  *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013).  Unlike class actions, however, plaintiffs in "collective action[s]" must opt *in*. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).  To facilitate that process, the Supreme Court has held that courts may send "notice" to "similarly situated" employees. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-73 (1989).  The Court did not, however, announce the threshold showing sufficient for this notice.

Filling that gap, many district courts (including in this Circuit) follow a two-step process taken from *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  Step-one calls for sending notice based on a "modest factual showing," with "similarly situated" defined "lenient[ly]."  *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1132-33 (N.D. Ill. 2017). That step is known as "conditional certification."  Unlike in the Rule 23 context, courts following this process "do[] not … consider opposing evidence presented by a defendant" or address "merits" questions.  *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855-56 (N.D. Ill. 2013).  Only "[t]hereafter," at step-two after "merits discovery is complete—assuming the case has not settled in the meantime, which it usually has—the court takes a closer look at whether th[e] 'other employees' are, in fact, similarly situated." *Clark*, 68 F.4th at 1008.  If, at that stage, the court determines that the putative plaintiffs never were "similarly situated," the collective is "decertified."

Two Courts of Appeals have recently rejected this approach, holding that a plaintiff must *first* make a meaningful showing—under all the evidence—that the employees are "similarly situated." *Clark*, 68 F.4th at 1009-11; *Swales*, 985 F.3d at 434. Then—and only then—may notice be sent.

**2.** The question here concerns whether notice should be sent to a putative collective in the first place. Monica Richards, a 53-year-old employee of petitioners (Lilly), claims she was denied a promotion based on age. Dkt. 82 at 2. Based only on the complaint and four affidavits (including her own and her boyfriend's), she asked the court to authorize notice to an ADEA collective exceeding 1,000 employees across locations, departments, jobs, supervisors, and other relevant metrics. All they have in common is their age (over 40) and that "they were denied promotions for which they were qualified." *Id.*

"In the absence of a Seventh Circuit case" saying otherwise, the court approved notice under the "lenient" *Lusardi* test. *Id.* at 2, 6. It applied a "modest" standard and did not "consider" Lilly's "substantial" evidence that the collective did not share the requisite similarity. *Id.* at 7-9, 13. But, recognizing the importance of this threshold question on front-end notice, the court certified it under § 1292(b). Dkt. 102. The legal question of the "plaintiff's burden" to obtain court-issued notice was: (1) "controlling," since it "would certainly affect" the litigation's scope; (2) had "generated sufficient controversy" among courts to be reasonably debatable; (3) and could "materially advance" resolution of the case. *Id.* at 5-8, 11. The court thus stayed the issuance of notice pending this Court's review of the legal standard. *Id.* at 12.

**3.** A motions panel refused the invitation. The panel acknowledged that "the process for certifying a collective action" is a "recurring issue for district courts." Order. But it nonetheless denied review on the sole ground—which Plaintiff had not advanced—that "it is better to review that process on a more complete record." *Id.* The panel said it would be "more receptive to an interlocutory appeal" later in the process—after notice is sent, discovery is completed, and the court evaluates similarity in a rigorous way at the decertification stage. *Id.*

## ARGUMENT

The panel or en banc court should grant rehearing, because a § 1292(b) petition at this stage presents the *only* opportunity for this Court to weigh in on the active conflict over the legal standard for sending notice to a putative collective. That is, by all accounts, an important, frequently recurring issue on which courts in this Circuit need guidance. This is the chance to provide it; declining to do so would amount in practice to endorsing *Lusardi* and splitting from the recent Fifth and Sixth decisions to the contrary. The panel's belief that it could defer the front-end question of when to issue notice until *after notice is already sent* is fundamentally mistaken.

## I. INTERLOCUTORY REVIEW IS WARRANTED UNDER § 1292(b).

Section 1292(b) authorizes this Court to "permit an appeal" if the district court certifies an order as (i) "involv[ing] a controlling question of law," (ii) as to which there exists a "substantial ground for difference of opinion"; and (iii) "immediate appeal … may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The district court found each requirement satisfied. Dkt. 102. That was plainly correct.

**A.    The Legal Standard for Sending Notice Is a Controlling Question of Law.**

At the threshold, "[w]hether the court applied the correct legal standard"—here, the standard for sending court-ordered notice—is a quintessential "question of law." *Baptist v. City of Kankakee*, 481 F.3d 485, 490 (7th Cir. 2007). The Fifth and Sixth Circuits readily recognized as much granting permission to appeal on the same question. *Swales*, 985 F.3d at 439; *Clark*, 68 F.4th at 1009; *see also, e.g.*, *Thomas v. Maximus, Inc.*, 2022 WL 1482008, at *4 (E.D. Va. May 10, 2022) ("[T]he determination of whether *Lusardi* or *Swales* should control whether a court certifies a collective presents a purely legal question.").

Importantly, a court can "decide … without having to study the record," *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000), whether the plaintiff must prove similarity by a preponderance, whether conflicting evidence should be considered, and whether merits issues should be disregarded. The motions panel's desire for factual development thus puts the cart before the horse. The question is what showing a plaintiff must make to justify notice. Factual development may be necessary to evaluate *whether the plaintiff has made* that showing, but not to identify *what the showing must be*.

For her part, Richards has contended that notice is a matter of "discretion," not law, but that ignores that the bounds of discretion remains a question of law. Indeed, this Court has accepted multiple interlocutory appeals on whether a collective was properly approved for notice, and has reversed when the district court did not follow the proper legal standard. *Bigger*, 947 F.3d at 1047; *see also Woods*, 686 F.2d at 582 (affirming "power to authorize notice" but rejecting "specific notice").

A question of law is considered "controlling" if its resolution "is quite likely to affect the further course of the litigation." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Here, the district court confirmed it would. It not only acknowledged Lilly's "substantial" evidence, Dkt. 82 at 7-8, but stated that a heightened standard would "certainly affect as a practical matter the scope of the notice and the size of the collective," Dkt. 102 at 6. In any event, it is sufficient if "interlocutory reversal might save time for the district court, and time and expense for the litigants." *Johnson v. Burken*, 930 F.2d 1202, 1205-06 (7th Cir. 1991). It surely might here.

## B.  Courts Are Divided Over the Legal Standard for Sending Notice.

There is a "substantial ground for difference of opinion" under § 1292(b) if there is "a circuit split on a question that [this] circuit has not answered." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (emphasis omitted). Two Circuits have squarely rejected *Lusardi*, and the question remains open in this Court.

The district court followed *Lusardi*, which permitted notice based on a plaintiff's own description of other employees on the assumption that facilitating notice is "the best way to find out" if "an honest to goodness case" exists. 118 F.R.D. at 354. The *Lusardi* court later dismissed the joined plaintiffs when—at what is now termed step-two—it applied meaningful scrutiny to the evidentiary record and determined they were not "similarly situated" because (as in this case) they were employed in "different departments, groups, organizations, sub-organizations, units and [] offices." *Lusardi v. Xerox Corp.*, 122 F.R.D. 463, 465 (D.N.J. 1988).

*Lusardi*'s leniency at the notice stage has softened to nearly a pleading standard.  All a plaintiff must do is allege similarity and "provide an affidavit, declaration, or other support," *Carter v. Ind. State Fair Comm'n*, 2012 WL 4481348, at *2 (S.D. Ind. Sept. 28, 2012), with no attention paid to "opposing evidence presented by a defendant," or to "merits determinations" bearing on similarity, *Bergman*, 949 F. Supp. 2d at 855-56.  This is a recipe for "abuse of the collective-action device."  *Bigger*, 947 F.3d at 1049.

Courts have recently begun to identify this flaw and reject *Lusardi*.  In *Swales*, the Fifth Circuit "reject[ed] *Lusardi*'s two-step" and held that "a district court must rigorously scrutinize" similarity "from the outset of the case, not after a lenient, step-one 'conditional certification,'" given the "formidable settlement pressure" prompted by such notice.  985 F.3d at 434, 436.  Court-authorized notice in the Fifth Circuit may occur only *after* the court considers "all available evidence" and intertwined merits issues, and the plaintiff carries her "burden" to show similarity.  *Id.* at 442-43.

The Sixth Circuit similarly rejected sending "notice upon merely a 'modest showing' or under a 'lenient standard' of similarity."  *Clark*, 68 F.4th at 1010.  It concluded that approach "resemble[s] 'the solicitation of claims,'" contrary to Supreme Court precedent.  *Id.* (quoting *Hoffmann-La Roche*, 493 U.S. at 174).  In place of *Lusardi*, the Sixth Circuit held "plaintiffs must show a 'strong likelihood'" of similarly-situated status to prompt notice.  *Id.* at 1011.  Unlike *Lusardi*, this "heightened standard" contemplates early "discovery" and a "requirement to litigate defenses," even when they overlap with the merits.  *Id.* at 1012 (Bush, J., concurring); *see id.* at 1009 (majority).

In this Circuit, most district courts have declined to adopt *Swales* or *Clark*, simply "[b]ecause most courts have used the two-step approach." *Van Note v. Int'l Flavors & Fragrances, Inc.*, 2024 WL 1994314, at *3 n.3 (C.D. Ill. May 3, 2024). Even courts that share the reservations of the Fifth and Sixth Circuits feel obliged to follow *Lusardi* because it "remains the dance of this circuit … for the time being." *McColley v. Casey's Gen. Stores, Inc.*, 559 F. Supp. 3d 771, 776 (N.D. Ind. 2021); *see also Calloway v. AT&T Servs., Inc.*, 2024 WL 1328823, at *3 (N.D. Ill. Mar. 28, 2024) (applying *Lusardi* while "await[ing]" appellate "instruction on FLSA collective certification"). The increased and deepening division not only confirms the "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), but makes it prudent to resolve that uncertainty now, on interlocutory review, given that the opportunity has arisen.

### C.     Resolving the Notice Standard Now Would Advance the Litigation.

Finally, it is "obvious" that "clarifying the proper scope of the collective, sooner rather than later, would ultimately serve to expedite, not protract, the eventual resolution in this case." Dkt. 102 at 11. The district court strongly suggested that if—*contra Lusardi*, but as *Swales* and *Clark* demand—it considered Lilly's "substantial allegations (supported by exhibits and declarations)," Dkt. 82 at 8, that would "certainly affect … the scope of the notice and the size of the collective," Dkt. 102 at 6. Yet notice to a sweeping nationwide collective now hinges on four affidavits that failed to identify a single specific similarly-situated plaintiff, even though the "similarly situated" inquiry is supposed to mirror Rule 23's rigorous requirements. *Espenscheid*, 705 F.3d at 772.

Regardless of whether a heightened standard eliminates the collective or only limits its scope, resolving that question now would advance the litigation, by removing some set of potential plaintiffs from the many stages of pre-trial work: notice, merits discovery, and "decertification."  Indeed, under the status quo, the magistrate judge has already relied on the scope of the certified collective to turn discovery into a nationwide fishing expedition.  *See* Dkt. 95 at 9 (refusing to limit discovery "by department" because this is an "expansive class action extending across Defendants' large organization"), *objections to R&R pending*.  Given the morass ahead, it is hard to imagine that interlocutory review would not "promise to *speed up* the litigation."  *Ahrenholz*, 219 F.3d at 675.

## II. Contrary to the Motions Panel, This Is the Only Posture That Allows for Appellate Review of the Standard for Sending Notice.

The motions panel did not deny that the § 1292(b) requirements were satisfied.  To the contrary, the panel acknowledged that "the process for certifying a collective action … is a recurring issue for district courts," which cuts in favor of review.  Order.  Nonetheless, the panel denied the petition, on a basis that Plaintiff had never advanced: "it is better to review that process on a more complete record."  *Id*.  The panel said it would "be more receptive to an interlocutory appeal from an order resolving certification at the second step of the two-step process"—that is, *after* notice and full discovery.  *Id*.

Respectfully, that *sua sponte* reasoning misses the point.  The unresolved issue that divides the courts, and that the district court certified, concerns the threshold burden to obtain court-ordered notice.  That step-one question *cannot be* reviewed later.

At this juncture, it remains possible for this Court to reject *Lusardi* and adopt a more rigorous standard for sending notice. But if the case proceeds through *Lusardi*'s second step—*i.e.*, notice is issued, full discovery ensues, and the court then revisits similarity—the question now presented will be *moot*. If the court decertifies at step-two, there will be nothing for Lilly to appeal. And if the court concludes that the evidence shows similarity, it will no longer matter whether the court erred by sending notice too early.[1] Either way, the standard for notice will be "no longer 'live.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). The error's harm—costly classwide discovery and "increase[d] pressure to settle," *Bigger*, 947 F.3d at 1049—could no longer be unwound. Even if not technically moot, the standard for notice would certainly no longer satisfy the § 1292(b) factors: The question will no longer be "controlling" after the bell has been rung, and a retrospective assessment on whether an earlier stage of litigation was handled correctly would not advance ultimate termination of the case.

For that reason, the Court will never be able to review the propriety of *Lusardi* at any point *after* the step-one determination—not after final judgment, and not upon a § 1292(b) petition at step-two. Nor is there any other avenue for review. In particular, this Court has already recognized that mandamus is not appropriate because the law in this area is unsettled and debatable, not clear and indisputable. *In re New Albertsons*, No. 21-2577, 2021 WL 4028428 (7th Cir. Sept. 1, 2021).

---

[1] Of course, the Court could still review whether the district court correctly evaluated "similarity" at *Lusardi* step-two, but that is not the question courts are struggling with, and the legal standard for that step was already established by *Espenscheid*.

11

Interlocutory review at this stage is thus the only way this Court will be able to answer this important, recurring question. Plus, if the Court declines this opportunity, no district judge will ever certify the question for appeal again. After all, *every* case at *Lusardi* step-one will lack a developed factual record—the whole point of *Lusardi* is to approve notice *without* a robust factual showing. Contrary to the panel's belief, denying review here and now is thus denying review forever and always. That would not be responsible.

## III. THE ORDER CONFLICTS WITH DECISIONS OF THIS COURT AND OTHER CIRCUITS.

Although rehearing denial of a § 1292(b) petition may be unusual, this denial warrants it, not only because of its practical implications, but also because the Order conflicts with other decisions of this Court and other Courts of Appeals.

*First*, this Court has repeatedly granted interlocutory review in similar postures—that is, before issuance of notice—in cases presenting questions relating to the propriety of such notice. In none of these instances did the lack of a full record stand in the way.

For example, in *Bigger*, this Court granted permission to appeal on whether Facebook was required to issue notice even though "most proposed recipients had entered mutual arbitration agreements making them ineligible to join the action." 947 F.3d at 1048. The Court ultimately held that sending notice to parties who have been shown to be ineligible to join an action undermines "the court's obligations to maintain neutrality and to shield against abuse of the collective-action device." *Id.* at 1050.

Likewise, in *Vanegas*, the district court found it had jurisdiction over a nationwide collective action, but stayed further proceedings pending interlocutory appeal, "to clarify the proper scope of the collective *before* Luna Vanegas *distributes notice* to a nationwide

collective." *Vanegas*, 2023 WL 5663259, at *4 (emphasis added).  Consistent with this logic, this Court granted permission to appeal at this threshold stage before fact development. *See* Order, No. 23-8020 (Oct. 6, 2023).  That case remains pending.

Looking further back, before *Hoffman-LaRoche*, a district court certified the question whether it could issue notice in an ADEA collective action.  *Woods*, 686 F.2d at 579.  Rather than defer the question, the Court promptly took it up, affirming the power to authorize notice but rejecting "the specific notice" as improperly serving as "a judicial invitation to join a lawsuit."  *Id.* at 582.

In taking up each of these cases at the threshold, the Court appreciated that a dispute over whether, when, or to whom to issue collective notice *must* be resolved *before* notice issues—not deferred until the issue is moot.  The same is true here.

*Second*, the Order generates a functional circuit split with the Fifth and Sixth Circuits. Both of those courts have clearly and unambiguously "reject[ed] *Lusardi*'s two-step." *Swales*, 985 F.3d at 443; *see also Clark*, 68 F.4th at 1009.  Yet the Order implicitly blesses that approach, by explicitly directing the district court to proceed all the way through it—*i.e.*, to complete "the second step of the two-step process."

On a more practical level, "most" courts in this Circuit have stuck by the *Lusardi* two-step even after *Swales* and *Clark*.  *Van Note*, 2024 WL 1994314, at *3 n.3.  Even decisions expressing reservations often adhere to the two-step as "the dance of this circuit … for the time being."  *McColley*, 559 F. Supp. 3d at 776.  By declining review, and doing so on a rationale that (as explained) would foreclose appellate review entirely, the Order would freeze in place that status quo—and its division from two sister Circuits.

Indeed, district courts have already overread *New Albertsons*' denial of mandamus as reason to stick with *Lusardi*. *See, e.g.*, *Mitchell v. Villas of Holly Brook Senior Living, LLC*, 2024 WL 3342504, at *11 (C.D. Ill. July 8, 2024) (citing this Court's "analysis in the context of a mandamus action" as reason to follow *Lusardi*); *Skevington v. Hopebridge, LLC*, 2024 WL 1175448, at *3 (S.D. Ind. Mar. 18, 2024) (noting that *New Albertsons* said the two-step is "commonly employ[ed]"). If one unpublished order merely concluding that the *Lusardi* two-step was not *foreclosed* by existing law has nearly settled the issue across the Circuit, a second order directing a district court to *proceed* through "the second step of the two-step process" will functionally leave the district courts applying a different—and severely prejudicial—process relative to the district courts of other Circuits.

## CONCLUSION

The Court should grant rehearing and accept the appeal.

Dated: July 15, 2024

James R. Saywell
JONES DAY
901 Lakeside Ave E,
Cleveland, OH 44114
(216) 586-3939
jsaywell@jonesday.com

Respectfully submitted,

*/s/ Yaakov M. Roth*
Yaakov M. Roth
  *Counsel of Record*
Christopher Pagliarella
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001-2113
202-879-3939
yroth@jonesday.com

*Counsel for Petitioners*

14

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word-length limitation of Federal Rules of Appellate Procedure 35(2)(A) and 40(b)(1), because, as calculated by Microsoft Word 365, it contains 3,890 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this motion also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as modified by Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 12-point Book Antiqua font.

Dated: July 15, 2024                                    Respectfully submitted,

                                                       */s/ Yaakov M. Roth*

                                                       *Attorney for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 15, 2024, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 15, 2024                                    Respectfully submitted,

                                                                    */s/ Yaakov M. Roth*

                                                                    *Attorney for Petitioners*