No. 24-8017

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

MONICA RICHARDS, individually and on behalf of all other similarly situated individuals

*Plaintiff-Appellee*,

v.

ELI LILLY and COMPANY; LILLY USA, LLC,

*Defendants-Appellants*.

**Appeal from the United States District Court for the Southern District of Indiana, No. 1:23-cv-242-TWP**

## DOCKETING STATEMENT

Defendants-Appellants Eli Lilly and Company and Lilly USA, LLC (together, "Lilly"), through undersigned counsel, pursuant to Circuit Rule 3(c) and Circuit Rule 28(a), and pursuant to this Court's August 29, 2024 order granting permission to appeal, hereby submits this docketing statement.

**1. Basis for the District Court's Jurisdiction.**

Plaintiff's action brought a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. (ADEA), as well as a state-law discrimination claim. Accordingly, the District Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over her state-law discrimination claim pursuant to 28 U.S.C. § 1367.

**2. Basis for Appellate Jurisdiction.**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(b), because (1) on May 10, 2024, the U.S. District Court for the Southern District of Indiana certified its decision of March 25, 2024 for interlocutory appeal pursuant to that statute, see D. Ct. ECF No. 102, Case No. 1:23-cv-242; (2) on May 20, 2024, Lilly submitted a timely petition for permission to appeal in this Court, see ECF No. 1, Case No. 24-8017; and (3) on August 29, 2024, following panel rehearing, this Court granted Lilly's petition for permission to appeal, see ECF No. 21, Case No. 24-8017.

Pursuant to Circuit Rule 28(a)(2), Lilly provides the following additional particulars:

(i) Lilly appeals from the March 25, 2024 Order (D. Ct. ECF No. 82), as certified by the May 10, 2024 order (D. Ct. ECF No. 102).

(ii) No motions for new trial or alteration of the judgment, or other motion that would toll the time to file an appeal from the relevant order, have been filed in this case.

(iii) Lilly timely filed its Petition for Permission to Appeal on May 20, 2024, which this Court granted on August 29, 2024. Pursuant to Federal Rule of Appellate Procedure 5(d)(2), "[a] notice of appeal need not be filed" under these circumstances, and "[t]he date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules."

(iv) This case is not a direct appeal from the decision of a magistrate judge.

**3. Particulars of Section 1292(b) Certification and Ongoing District Court Proceedings.**

Lilly appeals from the District Court's March 25, 2024 Order (D. Ct. ECF No. 82), as certified by the May 10, 2024 order (D. Ct. ECF No. 102). Lilly filed its petition for permission to appeal on May 20, 2024, which was granted after rehearing on August 29, 2024. The orders present the question of the standard required to issue court-ordered notice in an ADEA collective action to members of a putative collective. Plaintiff-Appellee Monica Richards sought and obtained an order directing such notice. In its certification order, the District Court stayed its order to issue notice, and tolled the statute of limitations for members of the putative collective, pending a decision of this Court regarding the interlocutory appeal (D. Ct. ECF No. 102). The stay was lifted when the panel initially denied permission to appeal (D. Ct. ECF No. 129). Following the panel's grant of permission to appeal on rehearing, the Court has held a determination on the scope of notice "under advisement pending ruling on the Interlocutory Appeal" (D. Ct. ECF No. 143).

All other issues arising from the ADEA and state-law claims, including discovery matters, remain before the District Court. The same parties are before both courts.

**4. Prior or Related Appellate Proceedings.**

There are no prior or related appellate proceedings, or prior litigation in the district court falling within the categories mentioned in Circuit Rule 3(c)(1).

| Dated: September 5, 2024 | Respectfully submitted, |
|---|---|
| James R. Saywell<br>JONES DAY<br>901 Lakeside Ave E,<br>Cleveland, OH 44114<br>(216) 586-3939<br>jsaywell@jonesday.com | /s/ *Yaakov M. Roth*<br>Yaakov M. Roth<br>  *Counsel of Record*<br>Christopher Pagliarella<br>JONES DAY<br>51 Louisiana Avenue, NW<br>Washington, DC 20001-2113<br>202-879-3939<br>yroth@jonesday.com |

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 5, 2024, the foregoing document was filed with the Clerk of the Court for the U.S. Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 5, 2024                          Respectfully submitted,

                                                               /s/ *Yaakov M. Roth*

                                                                *Counsel for Appellants*